**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No.: 1:19-cr-00169-BAH** |
| **KEVIN BRUCE ZEESE,** | |
| **MARGARET ANN FLOWERS,** | |
| **ADRIENNE PINE, and** | |
| **DAVID VERNON PAUL,** | |
| *Defendants.* | |

## <u>JOINT PRETRIAL STATEMENT</u>

Counsel for United States:

Danielle Rosborough
Special Assistant United States Attorney
D.C. Bar No.   1016234
Jessi Camille Brooks
Assistant United States Attorney
C.A. Bar No. 283055
555 4th Street, N.W.,
Washington, D.C. 20530
202-252-7745
Danielle.Rosborough@usdoj.gov
Jessica.Brooks@usdoj.gov

Counsel for Kevin Bruce Zeese:

John Kenneth Zwerling
Zwerling/Citronberg PLLC
114 North Alfred Street
Alexandria, VA 22314

Counsel for Margaret Ann Flowers:

William L. Welch, III
5305 Village Center Drive, Suite 142
Columbia, MD 21044

Counsel for Adrienne Pine:

H. Heather Shaner
1702 S Street, N.W.
Washington, D.C. 20009

Counsel for David Vernon Paul:

Michael Jeremy Satin
Miller & Chevalier, Chartered
900 Sixteenth Street, NW
Washington, D.C. 20006

## TABLE OF CONTENTS

**SECTION**                                                                                          **PAGE**

I.       Plea Offer                                                                                        3

II.      Statement of the Case                                                                             5

III.     Proposed *Voir Dire*                                                                              6
         A.      Proposed by the Government, Objected to by Defendants                                    14

IV.      Proposed Jury Instructions                                                                       15
         A.      Preliminary Jury Instructions                                                            15
         B.      Anticipated Jury Instructions During Trial                                               30
         C.      Final Jury Instructions                                                                  33
         D.      Additional Instructions The Government May Request                                       65
                 Depending on Witnesses
         E.      Instructions on Which the Parties Disagree                                               68

V.       Motion *In Limine*                                                                               75

VI.      Exhibit List                                                                                     75

VII.     Joint Stipulations                                                                               75

VIII.    Proposed Verdict Forms                                                                           76

IX.      Government Exhibit List                                                                          81

## I.     **PLEA OFFER**

Government's Statement:

The most recent formal plea offer was extended to the Defendants on November 21, 2019 and lapsed on December 13, 2019. Specifically, the Government offered that in exchange for pleading guilty to the single count in the Information, the Government would agree not to oppose a request for a sentence of time served or probation and would not request a fine in excess of the maximum guideline range.  The Government has engaged in additional plea discussions with the Defendants, including informally offering a plea to a Class B misdemeanor that would cover the conduct charged, 18 U.S.C. § 970, Protection of Property Occupied By Foreign Governments.  Defense counsel rejected this proposal.

Further, the Government engaged in informal plea negotiations with the Defendants.  At no point would all of the Defendants commit to pleading guilty, absent diversionary options, to an offense prosecuted by the United States Attorney's Office for the District of Columbia.  The Government and the Defendants were unable to reach a concrete agreement on any such diversionary or straightforward plea option.  For example, the Defendants proposed pleading guilty to the D.C. Code charge of "Crowding, obstructing, or incommoding," in violation of D.C. Code § 22-1307, a charge not within the jurisdiction of the United States Attorneys' Office for the District of Columbia, but rather prosecuted by the D.C. Office of Attorney General.

Defendants' Statements:

Counsel for David Paul communicated the government's plea offer to Mr. Paul on November 22, 2019.  Counsel for Mr. Paul informed Mr. Paul that the offense charged in the Information carries a maximum potential sentence of not more than one year imprisonment and a maximum potential fine of $100,000.  Mr. Paul indicated his rejection of the plea offer on

November 26, 2019.

Counsel for Adrienne Pine communicated the plea offer to Ms. Pine on December 9, 2019. During lengthy discussions on the 9th and again on December 13, 2019 Ms. Pine rejected the Government plea and sent to the Government resolutions short of Trial that would be acceptable.

Counsel for Margaret Flowers communicated the terms of the government's plea offer, including the potential sentencing exposure, to Ms. Flowers on December 13, 2019, and she rejected it.

Counsel for Kevin Zeese communicated the terms of the government's plea offer to Mr. Zeese on December 13, 2019, and he rejected it.

Defendants proposed to the government to resolve the case through a Deferred Prosecution Agreement (DPA). The government rejected this proposal. Defendants then proposed to the government to resolve the case through a Deferred Sentencing Agreement (DSA). The government rejected this proposal. Defendants then proposed to the government to resolve the case by pleading guilty to the charge of "Crowding, obstructing, or incommoding," in violation of D.C. Code § 22-1307. When the government indicated that this case was required to be prosecuted by the D.C. Office of the Attorney General (DC OAG) defendants offered to reach out to DC OAG to determine whether DC OAG would be willing to enter its appearance in the case in order to settle it. The government refused.

## II.    <u>**STATEMENT OF THE CASE**</u>

This is a criminal case. The Government has charged the four Defendants, Kevin Zeese, Adrienne Pine, David Paul, and Margaret Flowers, with the offense of Interference with certain protective functions of the State Department. The Government contends that on Monday, May 13, 2019, U.S. Department of State law enforcement informed the Defendants and other persons present in the Embassy of the Bolivarian Republic of Venezuela and the Permanent Mission of Venezuela to the Organization of American States in Washington, D.C. that they were trespassing and directed them to leave the Venezuelan Embassy.  Three days later, on May 16, 2019, the police arrested the four Defendants in the Venezuelan Embassy.  The government contends that by not leaving the Embassy the defendants obstructed, resisted, or interfered with federal law enforcement, including Department of State Special Agent Bradley Gilmore, as they were engaged in the performance of their protective functions at the Venezuelan Embassy, including efforts by federal law enforcement in maintaining the security and safety of that property.  Defendants deny this allegation and maintain that they did not interfere with the protective functions of the State Department.

### III.     PROPOSED *VOIR DIRE* QUESTIONS

### INTRODUCTORY STATEMENT

Ladies and gentlemen, I am Judge Beryl A. Howell, and you have been called to this Courtroom for possible selection as jurors in a case entitled United States v. Kevin Bruce Zeese, Margaret Ann Flowers, Adrienne Pine, and David Vernon Paul. The defendants are charged with interfering with the protective functions of the Department of State.

The process of jury selection is called the *voir dire* process, and its object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During the *voir dire* process, you will be introduced to all of the participants in the trial and I will ask you a set of questions. If your answer to any questions is "yes," please write the number of the question on the note card you have been given. At the end you will be called up to discuss your answers to any questions you have listed on the card.

### A.     *Voir Dire* Questions On Which The Parties Agree

1. The defendants have been charged in an information. An information is just the formal way of informing a defendant of the nature of the charges against him or her. You are not to consider the information as an indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt. The burden of proving him or her guilty beyond a reasonable doubt rests with the government - the prosecutors - and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence or produce any evidence, or testify. Now, those principles of

law will underlie the trial of this case. Is there anyone who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?  *If so, please write the number "1" on your index card.*

2. If it should come to pass after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law—if you are then persuaded that the defendants are guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty. On the other hand—after you have heard all of the evidence, the arguments of the lawyers, and my instructions on the law—if you then have a reasonable doubt as to the defendants' guilt of the charge, you must vote not guilty.  Is there anyone who feels that he or she would be unable to follow these instructions? *If so, please write the number "2" on your index card.*

3. This is a criminal trial in which Mr. Zeese, Ms. Flowers, Ms. Pine, and Mr. Paul are separately charged by information with one charge of Interference With Certain Protective Functions.  The alleged incident occurred between May 13, 2019 and May 16, 2019, at the Embassy of Bolivarian Republic of Venezuela**,** located at 1099 30th Street NW, Washington, D.C., 20007, in other words, at the Venezuelan Embassy.  Are any of you familiar with or believe you may know anything about the facts and circumstances of this case? *If so, please write the number "3" on your index card.*

4. Do any of you live or work near, or have any special familiarity with the immediate area where the offense is alleged to have occurred? *If so, please write the number "4" on your index card.*

5. The government is represented by Special Assistant United States Attorney Danielle Rosborough and Assistant United States Attorney Jessi Camille Brooks, 555 Fourth Street,

NW, Washington, D.C. (*AUSAS stand)*. Do any of you know Ms. Rosborough or Ms. Brooks in any capacity? *If so, please write the number "5" on your index card.*

6.   Each of the Defendants is represented by counsel.

    (A) Defendant Zeese is represented by John Kenneth Zwerling of Zwerling/Citronberg P.L.L.C. located at 114 North Alfred Street, Alexandria, VA, 22314. (Counsel stands).  Do any of you know Mr. Zwerling in any capacity?  *If so, please write the number "6A" on your index card.*

    (B) Defendant Flowers is represented by William L. Welch III located at 5305 Village Center Drive, Suite 142, Columbia MD, 21044 (Counsel stands).  Do any of your know Mr. Welch in any capacity?  *If so, please write the number"6B" on your index card.*

    (C) Defendant Pine is represented by Heather Shaner located at 1702 S Street, NW, Washington, D.C. 20009 (Counsel stands).  Do any of you know Ms. Shaner in any capacity? *If so, please write the number "6C" on your index card.*

    (D) Defendant Paul is represented by Michael Satin of Miller & Chevalier Chartered, located at 900 Sixteenth Street, N.W., Washington, D.C. 20006 (Counsel stands).  Do any of you know Mr. Satin in any capacity? *If so, please write the number "6D" on your index card.*

7.   The defendants' full names are Kevin Bruce Zeese, Margaret Ann Flowers, Adrienne Pine, and David Vernon Paul.  Do any of you know the defendants in any capacity?  *If so, please write the number "7" on your index card.*

8. As I stated, I am Judge Beryl Howell.  My courtroom clerk is Ms. Teresa Gumiel. The Court Reporter is _____.  My law clerk is _____.  Do you know me or any member of my staff? *If so, please write the number "8" on your index card.*

9. Does any member of the panel know any other member of the panel, for example from work, school, socially, prior jury service or one's neighborhood? *If so, please write the number "9" on your index card.*

10. The government will call a number of witnesses to testify during the trial.  The defense also may do so, but is not required to call witnesses.  I will read to you a list of witnesses for the government and the defense.  Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you recognize or think that you may know any of the potential witnesses in this case.  [state g*overnment's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?  *If so, please write the number "10" on your index card.* Government witnesses:  (the government will submit a separate witness list to the Court and the defense)

11. [state d*efendant's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?  *If so, please write the number "11" on your index card.* Defendant's witnesses:  (the defendant will submit a separate witness list to the Court and the government)

12. Have you, or any of your family, close friends, or household members, ever worked for or with an office that handles prosecution, such as the U.S. Attorney's Office, D.C. Office of the Attorney General, a district attorney's office, state's attorney's office, or an attorney general's office?  *If so, please write the number "12" on your index card.*

13. Are you, or is any member of your immediate family, any close friends, or household members either presently or previously employed by any law enforcement agency? Law enforcement agencies include any police department, in or outside the District of Columbia, special police officers, correctional officers, Department of Justice, U.S. Marshal's Service, Sheriff's Departments, Internal Revenue Service, U.S. Secret Service, FBI, Bureau of Alcohol, Tobacco, Firearms and Explosives, DEA, Department of State, U.S. Park Police, the CIA, probation office, parole office, D.C. Superior Court, and the U.S. District Court. *If so, please write the number "13" on your index card.*

14. Have you, or any of your relatives, close friends, or household members ever done any work for or with any person or organization that does criminal defense work, such as the Federal Public Defender, the Public Defender's Office, defense attorneys, a private law firm, or as a private investigator? *If so, please write the number "14" on your index card.*

15. Are you, or is any member of your immediate family, close friends, or household members either a lawyer or one who studied law in a law school, or had any legal training, including paralegal training? *If so, please write the number "15" on your index card.*

16. Has any member of the jury panel ever served on a Grand Jury? *If so, please write the number "16" on your index card. [Suggested follow-up for those who answer "yes" at the bench: Is there anything about that experience that would make it hard for you to be fair to both sides in this case? A grand jury investigates cases and charges a person with a crime when there's probable cause to believe the person committed it. The trial jury decides whether the government has proven the case beyond a reasonable doubt. You understand the difference, right? Are you confident you can be fair sitting on a trial jury.]*

17. Has any member of the jury panel ever served as a juror in a criminal case in a federal court, a District of Columbia court or in a court located in some other state? *If so, please write the number "17" on your index card. [Suggested follow-up for those who answer "yes" at the bench: Without telling us what the verdict actually was, was the jury able to reach a verdict in your case? Is there anything about that experience that would make it hard for you to be fair to both sides in this case?]*

18. Has any member of the jury panel ever served as a juror in a civil case in a federal court, a District of Columbia court or in a court located in some other state? *If so, please write the number "18" on your index card. [Suggested follow-up for those who answer "yes" at the bench: Without telling us what the verdict actually was, was the jury able to reach a verdict in your case? Is there anything about that experience that would make it hard for you to be fair to both sides in this case? (As relevant) Do you understand that the burden of proof in a criminal case is greater than the burden in a civil case?]*

19. There will be testimony from police officers and other law enforcement agents in this case. Would the fact that a witness is a police officer or agent have any effect at all on whether or not you believe that person's testimony? In other words, would the fact that a witness is a police officer or agent make you more likely to believe his or her testimony? Or make you less likely to believe his or her testimony? *If so, please write the number "19" on your index card.*

20. Have any of you, any members of your family, any close friends, or household members been a victim of or a witness to a crime? *If so, please write the number "20" on your index card*

21. Have any or you, any members of your family, any close friends, or household members been arrested or convicted of any crime? *If so, please write the number "21" on your index card.*

22. Do you have any moral, social, political, philosophical, religious or any other creed or belief that would make it hard for you to sit as a juror in this case? *If so, please write the number "23" on your index card.*

    (A) Have you, a family member, or a close friend ever studied about, visited, lived, or worked in Venezuela? *If so, please write the number "23(B)" on your index card.*

    (B) Do any of you have strong feelings or closely follow the news regarding political leadership in Venezuela? *If so, please write the number "23 (B)" on your index card.*

    (C) Do any of you have strong feelings about Juan Guaido or Nicolas Maduro? *If so, please write the number "23(C)" on your index card.*

    (D) Does the nature of the charge or the circumstances of the alleged offense make it difficult for you to consider the evidence fairly in this case and to be fair to both sides? *If so, please write the number "23(D)" on your index card.*

23. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle? *If so, please write the number "23" on your index card.*

24. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law? *If so, please write the number "24" on your index card.*

25. Are you presently taking any medication, or experiencing any medical condition or other physical, mental, or emotional condition, that might cause drowsiness, confusion, or discomfort, or that might in any way affect your ability to give your full attention to this case? *If so, please write the number "25" on your index card.*

26. Do you have trouble understanding English, have any vision or hearing problems, or are you sitting next to someone you believe might have trouble understanding English or have vision or hearing problems or other problems processing information? *If so, please write the number "26" on your index card.*

27. In my courtroom, the jury usually begins its day at _____a.m., and usually ends its day at _____p.m. We are estimating that we will conclude with jury selection today, _____, and that opening statements and the presentation of evidence will begin on _____. We expect the trial to conclude by ___, and then of course the time that the jury needs to deliberate will be determined by the jury itself. Are there any matters that you simply must attend to through the end of next week such that you could be faced with a hardship if selected for the jury in this case? *If so, please write the number "27" on your index card.*

28. Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, or impartially as a juror in this case, or anything that you think the judge and the lawyers should know about you as they select a jury in this case? *If so, please write the number "28" on your index card.*

After all questions have been asked, counsel will be asked to approach the bench. Jurors who answered affirmatively to bench questions will be asked to individually come to the bench to answer these questions. If either counsel desires to have any other juror approach the bench for

individual *voir dire*, counsel should inform the Court of his or her request before the individual *voir dire* commences.

### A.  Voir Dire Proposed by the Government, Objected to by Defendants

1.  Have you, or any of your family, close friends, or household members, had any unpleasant experiences with the police, federal law enforcement, or a prosecutor, whether here in D.C. or elsewhere?  Or unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere? *If so, please write the number "X" on your index card.*

2.  Are you, or anyone you know, a member of the following groups or have you heard or, or are familiar with, any of the following groups: Code Pink, Embassy Protection Collective, ANSWER Coalition, or Popular Resistance?  *If so, please write the number "___" on your index card.*

3.  Do any of you have strong feelings on Juan Guaido or Nicolas Maduro or President Donald Trump's recognition of Juan Guaido as the official leader of Venezuela?  *If so, please write the number "___" on your index card.*

4.  Has anyone here ever been involved in a protest, sit-in, or political march? *If so, please write the number "___" on your index card.*

IV.     **PROPOSED JURY INSTRUCTIONS – PARTIES AGREE**

A.     **PRELIMINARY JURY INSTRUCTIONS**

The parties jointly request the following preliminary jury instructions.

Unless otherwise noted, these instructions are taken from the Bar Association of the District of Columbia's Criminal Jury Instructions (2019) (commonly referred to as the "Red Book"). Certain bracketed text from the original instructions has been omitted or altered to conform to the facts of this case.

1.102    Preliminary Instruction Before Trial

*Along with these Instructions, to be inserted where indicated in 1.102:*

1.103    Definitions

1.105A  Preliminary Instruction when Note-taking is Permitted

1.107    Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed

1.108    A Juror's Recognition of a Witness or Other Party Connected to the Case

1.202    Cautionary Instruction on the Use of the Internet and Publicity

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL (first part)**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

Source:  Red Book 1.102

**Instruction 1.103**

**DEFINITIONS**

**A. <u>Stipulation of Fact</u>**

The government and the defendant[s] may stipulate—that is, agree—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

**D. <u>Judicial Notice</u>**

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. When I take judicial notice of a particular fact, you may if you choose to do so, regard that fact as proven evidence. Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.


Source:  Red Book 1.102A, D

**Instruction 1.105**

**NOTETAKING BY JURORS**

**A.**    **PRELIMINARY INSTRUCTION**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

Source:  Red Book 1.105A

**Instruction 1.107**

**PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

Source:  Red Book 1.107

**Instruction 1.108**

**A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

Source:  Red Book 1.108

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL (resumed)**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the United States Attorney's Office for the District of Columbia filed a charging document called an information with the court.

## INFORMATION

The United States Attorney charges:

## COUNT ONE

Beginning on or about May 13, 2019, through on or about May 16, 2019, in the District of Columbia, the defendants, **KEVIN ZEESE, MARGARET FLOWERS, PAUL VERNON, and ADRIENNE PINE** did knowingly and willfully obstruct, resist, and interfere with a federal law enforcement agent engaged in the performance of the protective functions authorized under Section 37 of the State Department Basic Authorities Act of 1956, Title 22, United States Code, Section 2709, and the Diplomatic Security Act, Title 22, United States Code, Section 4802. (**Interfering with Protective Functions**, in violation of Title 18, United States Code, Section 118)

You should understand clearly that the information that I just read is not evidence. The information is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the information as any evidence of the guilt of any defendant, or draw any conclusion about the guilt of any defendant just because s/he has been formally charged.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that each defendant committed the offense with which s/he has been charged. Each defendant has been charged with interfering with the protective functions of the Department of State in violation of 18 U.S.C. § 118. To prove that each defendant

interfered with the protective functions of the Department of State, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of interfering with the protective functions of the Department of State are:

(1) The defendant obstructed, resisted, or interfered with a federal law enforcement agent;

(2) At the time the defendant obstructed, resisted, or interfered, the federal law enforcement agent was engaged, within the United States, in the performance of any of the protective functions authorized under 22 U.S.C. § 2709 or 22 U.S.C. § 4802; and

(3) The defendant acted knowingly and willfully.


Source:  Red Book 1.102; 18 U.S.C. §118; 22 U.S.C. §§ 2709, 4802

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL (resumed)**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with each defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt. The burden is on the government to prove each defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require any defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the particular offense with which each defendant is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find each defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Special Assistant United States Attorney Danielle Rosborough and Assistant United States Attorney Jessi Brooks.  When I mention the defendant or the defense, I am referring either to the defendants collectively, or to Mr. Zeese or his attorney, Mr. Zwerling; Ms. Flowers or her attorney, Mr. Welch; Ms. Pine or her attorney, Ms. Shaner; or Mr. Paul or his attorney, Mr. Satin.

As the first step in this trial, the government and the defendants will have an opportunity to make opening statements. The defendants may make an opening statement immediately after the government's opening statement or s/he may wait until the beginning of the defendants' case, or he/she may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, each defendant may ask questions. This is called cross-examination. When the all of the defendants are finished, the government may have brief re-direct examination. After the government presents its evidence, each defendant may present evidence, but s/he is not required to do so. The law does not require a defendant to prove his/her innocence or to produce any evidence. If a defendant does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government attorneys and other defense counsel will cross-examine, and the defendant may have brief re-direct examination.  When all the defendants are finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then the government and each defendant will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what the government and each defendant claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory [and your notes if you choose to take any].

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers

evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during

the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

Source:  Red Book 1.102

**Instruction 1.202**

**CAUTIONARY INSTRUCTION ON THE USE OF THE INTERNET AND PUBLICITY**

You may not communicate with anyone not on the jury about this case. As I explained earlier, this includes any electronic communication such as emailing or texting or any blogging about the case. In addition, you may not conduct any independent investigation before or during deliberations. This means you may not conduct any research in person or electronically via the Internet or in any other way.

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

Source:  Red Book 1.202

**B.**      **ANTICIPATED INSTRUCTIONS DURING TRIAL**

1.103A          Stipulation of Fact

1.103D          Judicial Notice

**Instruction 1.103**

**STIPULATION OF FACT (during trial)**

The government and the defendant may stipulate--that is, agree--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

Source:  Red Book 1.103A

**Instruction 1.103**

**JUDICIAL NOTICE (during trial)**

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources.  When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence.  Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.

Source:  Red Book 1.103D

C.       **FINAL JURY INSTRUCTIONS – PARTIES AGREE**

The parties jointly request the following final jury instructions.[1]

2.100   Furnishing the Jury with a Copy of the Instructions (if applicable)

2.101   Function of the Court

2.102   Function of the Jury

2.103   Jury's Recollection Controls

1.105B  Final Instruction When Note-taking is Permitted

2.104   Evidence in the Case:  Exhibits, Facts Stipulated to by the Parties (if applicable)

2.105   Statements of Counsel

2.106   Information Not Evidence

2.107   Burden of Proof – Presumption of Innocence

2.109   Direct and Circumstantial Evidence

2.110   Nature of Charges Not to Be Considered

2.111   Number of Witnesses

2.112   Inadmissible and Stricken Evidence

2.200   Credibility of Witnesses

2.216   Prior Inconsistent Statement (if applicable)

2.207   Police Officer's Testimony

2.208   Right of Defendant Not to Testify (if applicable)

DEFINITIONS, THEORIES OF LIABILITY, AND CHARGES

3.101   Proof of State of Mind

---

[1] The parties reserve the right to request to add, modify, or delete from these instructions up and until the Court instructs the jury.

3.102 Willfully Causing an Act to be Done

3.103  "On or About" Proof of

2.403  Multiple Defendants – One Count

ASPECTS OF DELIBERATIONS

2.405  Unanimity—General

2.407  Verdict Form Explanation

CLOSING REMARKS

2.501  Exhibits During Deliberations

2.502  Selection of a Foreperson

2.505  Possible Punishment Not Relevant

2.508  Cautionary Instruction on Publicity, Communication and Research

2.509  Communications Between Court and Jury During Jury's Deliberations

2.511  Excusing Alternate Jurors

INSTRUCTIONS ON WHICH THE PARTIES DISAGREE

21     Reasonable Doubt

Jury Instruction for Interference with the Protective Functions of the Department of State

**Instruction 2.100**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

Source:  Red Book 2.100

**Instruction 2.101**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Source:  Red Book 2.101

**Instruction 2.102**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

Source:  Red Book 2.102

**Instruction 2.103**

**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

Source:  Red Book 2.103

**Instruction 2.104**

**EVIDENCE IN THE CASE -- JUDICIAL NOTICE AND STIPULATIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, [the facts of which I took judicial notice], and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.

[During the trial, you were told that the parties had stipulated--that is, agreed--to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

Source:  Red Book 2.104

**Instruction 2.105**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

Source:  Red Book 2.105

**Instruction 2.106**

**INFORMATION NOT EVIDENCE**

The Information is merely the formal way of accusing a person of a crime. You must not consider the information as evidence of any kind--you may not consider it as any evidence of any defendant's guilt or draw any inference of guilt from it.

Source:  Red Book 2.106

**Instruction 2.107**

**BURDEN OF PROOF--PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendants are charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find the defendant not guilty.

Source: Red Book 2.107

**Instruction 2.109**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Source:  Red Book 2.109

**Instruction 2.110**

**NATURE OF CHARGE NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge[s] itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

Source:  Red Book 2.110

**Instruction 2.111**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

Source:  Red Book 2.111

**Instruction 2.112**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

Source:  Red Book 2.112

**Instruction 2.200**

**CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

[You may consider whether there are any inconsistencies or discrepancies between what the witness says now and what the witness may have previously said.  You may also consider any inconsistencies between the witness's testimony and any other evidence that you credit such as the testimony of another witness.  You should consider whether any inconsistencies are the result of

different individuals seeing, hearing, or recollecting things differently, are the result of actual forgetfulness, are the result of innocent mistakes or are the result of intentional falsehood.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

Source: Red Book 2.200

**Instruction 2.207**

**TESTIMONY OF LAW ENFORCEMENT OFFICERS[2]**

**[*Modified*]**

The testimony of a police or law enforcement officer or federal agent should be evaluated by you just as any other evidence in the case. In evaluating the officer or agent's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer or federal agent.

Source:  Red Book 2.207

---

[2] Red Book Instruction 2.207 refers to "Police Officer's" testimony.  In light of the facts in this case, the parties request expanding the definition to all law enforcement officers and agents.

**Instruction 2.208**

**RIGHT OF DEFENDANT NOT TO TESTIFY (*If Applicable*)**

Every defendant in a criminal case has an absolute right not to testify. [Name of defendant] has chosen to exercise this right. You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his/her decision. You must not assume the defendant is guilty because he/she chose not to testify.


Source:  Red Book 2.208

**Instruction 2.216**

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS (if applicable)**

This jury instruction contains several parts.  If it is applicable, the parties will submit in a separate document of the relevant parts requested.

Source:  Red Book 2.216

**Instruction 3.101**

**PROOF OF STATE OF MIND**

Someone's knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's knowledge from the surrounding circumstances. You may consider any statement made or acts done by each defendant, and all other facts and circumstances received in evidence which indicate his/her intent and/or knowledge

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that each defendant acted with the necessary state of mind.

Source:  Red Book 3.101

**Instruction 3.102**

**WILLFULLY CAUSING AN ACT TO BE DONE**

You may find the defendant guilty of the crime charged in the information without finding that s/he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which s/he willfully causes to be done if the act would be criminal if performed by him/her directly or by another. To "cause" an act to be done means to bring it about. You may convict any of the defendants, Mr. Zeese, or Mr. Paul, or Ms. Flowers, or Ms. Pine of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that he or she willfully caused such an act to be done, with the intent to commit the crime.


Source:  Red Book 3.102

**Instruction 3.103**

**ON OR ABOUT - PROOF OF**

The information charges that the offense was committed "on or about" May 13, 2019 to

May 16, 2019. The proof need not establish with certainty the exact date of the alleged offense. It

is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was

committed on a date reasonably near the dates alleged.


Source:  Red Book 3.103

**Instruction 2.403**

**MULTIPLE DEFENDANTS - ONE COUNT**

You should give separate consideration, and render separate verdicts, with respect to each defendant. Each defendant is entitled to have the issue of his/her guilt of the crime for which s/he is on trial determined from his/her own conduct and from the evidence which applies to him/her, as if s/he were being tried alone.

The fact that you may find one defendant guilty or not guilty should not influence your verdict as to any other defendant. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant, after which you may resume your deliberations as to [the] [any] remaining defendants.

Source: Red Book 2.403

## **DEFENDANTS' THEORY OF THE CASE**

The defendants respectfully request to reserve the opportunity to submit a theory of the case instruction.

**Instruction 2.405**

**UNANIMITY - GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

Source:  Red Book 2.405

**Instruction 2.407**

**VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

Source:  Red Book 2.407

**Instruction 2.501**

**EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict(s). Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

[If you wish to [see] [hear] those portions of [describe recordings] which I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.]

Source:  Red Book 2.501

**Instruction 2.502**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

Source:  Red Book 2.502

**Instruction 2.505**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

Source:  Red Book 2.505

**Instruction 2.508**

**CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

Source:  Red Book 2.508

**Instruction 2.509**

**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

Source:  Red Book 2.509

**Instruction 2.511**

**EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected [two] [insert other number as appropriate] seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you [two] [insert other number as appropriate] leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

Source:  Red Book 2.511

**D.**      **ADDITIONAL INSTRUCTION THE GOVERNMENT MAY REQUEST**
**DEPENDING ON THE WITNESSES**

2.209      Defendant as Witness (if applicable)

2.213      Character of Defendant (if applicable)

2.214      Cross examination of character witness (if applicable)

**Instruction 2.209**

**DEFENDANT AS WITNESS (*If Applicable*)**

A defendant has a right to become a witness in his/her own behalf.  His/Her testimony should not be disbelieved merely because s/he is the defendant.  In evaluating his/her testimony, however, you may consider the fact that the defendant has [a vital] [an] interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

Source:  Red Book 2.209

**Instruction 2.213**

**CHARACTER OF DEFENDANT (If applicable)**

[Name of defendant] has introduced testimony that [s/he has a good reputation in the community for [character trait] [in the witness's opinion, name of defendant] is a [character trait] person]. Such evidence may indicate to you that it is unlikely that a [character trait] person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case [including evidence that contradicts [name of defendant's] character evidence] and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that [name of defendant] is guilty of the crime charged, it is your duty to find him or her guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

Source:  Red Book 2.213

**Instruction 2.214**

**CROSS EXAMINATION OF CHARACTER WITNESS (if applicable)**

[Name of witness], who was a character witness for [name of defendant], was questioned regarding previous [arrests] [convictions] [prior acts] of [name of defendant]. These questions were permitted only to test the basis for and reliability of the witness's testimony. They do not establish that those events took place or that [name of defendant] committed the offense charged in this case, or that s/he is a person of bad character.

Source:  Red Book 2.214

**E.**   **INSTRUCTIONS ON WHICH PARTIES DISAGREE**

21   Reasonable Doubt

Interference With Protective Functions of the Department of State

**Instruction 21**
**REASONABLE DOUBT**

**Government's Proposed Instruction:**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him or her guilty.  If, on the other hand, you think there is a real possibility that he or she is not guilty, you must give him or her the benefit of the doubt and find him or her not guilty.

(Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993); *see also* commentary to Redbook Instruction 2.108, noting that Instruction 21 is accepted in U.S. District Court).

**Defendants' Proposed Instruction:**

The government has the burden of proving each defendant guilty beyond a reasonable doubt.  In civil cases it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's

proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason – about for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Redbook Instruction 2.108

**COUNT ONE**

**Interference with the Protective Functions of the Department of State**

*Where the Parties Agree:*

The elements of Interference with the Protective Functions of the U.S. Department of State, each of which the government must prove beyond a reasonable doubt, are that:

(1) The defendant obstructed, resisted, or interfered with a federal law enforcement agent;

(2) At the time the defendant obstructed, resisted, or interfered, the federal law enforcement agent was engaged, within the United States, in the performance of any of the protective functions authorized under 22 U.S.C. § 2709 or 22 U.S.C. § 4802; and

(3) The defendant acted knowingly and willfully.

*Protective Functions Authorized Under 22 U.S.C. § 2709 or 22 U.S.C. § 4802* mean any of the following: (1) protecting and performing functions directly related to maintaining the security and safety of foreign missions, including foreign embassies; or (2) performing security and protective operations relating to the protection of foreign missions, including foreign embassies; or (3) conducting investigations relating to the protection of foreign missions, including foreign embassies.

*Knowingly:* An act is done "knowingly" if it is done voluntarily and intentionally and not because of mistake or accident.

[Source: S1 Modern Federal Jury Instructions-Criminal 2.15 (2019)]

The term "obstruct" in this context means to interfere with free movement or hinder, or impede the official while he was engaged in the performance of his official duties.  The term "resist" in this context means to exert force in opposition to something.  The term "interfere" means to

interpose oneself in a way that hinders or impedes.

[Source: *United States v. Chunyan Wang*, Case No. 19-cr-00087(TNM), (D.D.C. July 17, 2019) DKT. 45 at 13-14]

I further instruct you as a matter of law that agents from the Diplomatic Security Services of the Department of State are federal law enforcement officers as that term is used in 18 U.S.C. § 118.

[*C.f.*, *United States v. Serrata*, 425 F.3d 886, 899 (10th Cir. 2005) (giving instruction on meaning of federal law enforcement officer in 18 U.S.C. § 1512).]

***Where the Parties Disagree****:*

The Government proposes the following definition of willfully:

*Willfully:* The offense of interfering with the protective functions of the Department of State charged in the Information requires the government to prove that the defendant acted "willfully." This means the government must prove beyond a reasonable doubt that the Defendant knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that the Defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the Defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the Defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law. "Willfully" does not require proof that the Defendant knew of the existence and meaning of the statute making his or her conduct criminal.

Source: S1 Modern Federal Jury Instructions-Criminal 5.05 (2019); *see also United States v. Burden*, 934 F.3d 675, 690–91 (D.C. Cir. 2019) (explaining that the Supreme Court "has developed

an approach to 'willfulness' that is calibrated to the statutes in which it appears, consistently reading it to require proof that the defendant had a sufficiently culpable state of mind, but not to require proof so specific as to stymie the statute's enforcement. It has required proof that a defendant know which law he was breaking in only two contexts: criminal tax evasion, and currency structuring."); Pattern Jury Instruction B9.1A for the Eleventh Circuit ("While a person must have acted with the intent to do something the law forbids before you can find that the person acted 'willfully,' the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.")

The Defendants propose the following definition of willfully:

*Willfully:* The offense of interfering with the protective functions of the Department of State charged in the Information requires the government to prove that the defendant acted "willfully." This means the government must prove beyond a reasonable doubt that the Defendant knew his or her conduct was unlawful and intended to do something that the law forbids.

## V. **MOTIONS IN LIMINE**

The Government will file one motion *in limine* to limit testimony and evidence.

## VI. **EXHIBIT LISTS**

The government has attached a list of exhibits that it intends to offer during trial, with a brief description of each exhibit.

Pursuant to Rule 16, the Government requests the Court order the Defendants to provide an exhibit list of any exhibits, documents, or other evidence that the Defendants intend to use at trial in their case-in chief or during the government's case-in-chief if used during substantive, non-impeachment cross-examination. *See*, *e.g.*, *United States v. Crowder*, 325 F. Supp. 3d 131, 136-137 (D.D.C. 2018) (collecting cases) (explaining that reciprocal discovery under Rule 16 requires the defense to disclose exhibits, documents, or evidence, that it intends to introduce substantively).

## VII. **JOINT STIPULATIONS**

The parties have not been able to reach any joint stipulations.

## VIII.   <u>PROPOSED VERDICT FORMS</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**KEVIN BRUCE ZEESE,**

*Defendant.*

**No.: 1:19-cr-00169-BAH**

## <u>VERDICT FORM</u>

**COUNT ONE**

With respect to the offense of Interference with the Protective Functions of the Department of State, we the jury find the defendant Kevin Zeese:

_____ Not Guilty          _____ Guilty

**Please sign and date the form and tell the Marshal that the jury has reached a verdict:**

**February ___, 2020**

_____

**Signature of Foreperson**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **No.: 1:19-cr-00169-BAH** |
| **MARGARET ANN FLOWERS,** | |
| *Defendant.* | |

## <u>VERDICT FORM</u>

**COUNT ONE**

With respect to the offense of Interference with the Protective Functions of the Department of State, we the jury find the defendant Margaret Ann Flowers:

_____ Not Guilty        _____ Guilty

**Please sign and date the form and tell the Marshal that the jury has reached a verdict:**

**February ___, 2020**

_____
**Signature of Foreperson**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No.: 1:19-cr-00169-BAH** |
| **ADRIENNE PINE,** | |
| *Defendant.* | |

## VERDICT FORM

**COUNT ONE**

With respect to the offense of Interference with the Protective Functions of the Department of State, we the jury find the defendant Adrienne Pine:

_____ Not Guilty          _____ Guilty

**Please sign and date the form and tell the Marshal that the jury has reached a verdict:**

**February \_\_\_, 2020**          _____

**Signature of Foreperson**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No.: 1:19-cr-00169-BAH** |
| **DAVID VERNON PAUL,** | |
| *Defendant.* | |

**VERDICT FORM**

**COUNT ONE**

With respect to the offense of Interference with the Protective Functions of the Department of State, we the jury find the defendant David Vernon Paul:

_____ Not Guilty          _____ Guilty

**Please sign and date the form and tell the Marshal that the jury has reached a verdict:**

**February ___, 2020**          _____

                              **Signature of Foreperson**

IX.     **<u>GOVERNMENT EXHIBIT LIST</u>**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**KEVIN BRUCE ZEESE,**<br>**MARGARET ANN FLOWERS,**<br>**ADRIENNE PINE, AND**<br>**DAVID VERNON PAUL,**<br><br>**Defendants.** | **Criminal Case No. 1:19-cr-00169-BAH** |

## EXHIBITS FOR THE GOVERNMENT

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 1 | 20190513_-_FIRST AMENDMENT_ASSEMBLY_1099_30TH _STREET_NW | Body worn camera video from May 13, 2019 at 6:02 p.m. recorded by Joseph Dolan. |
| 2 | AXON_ BODY_2_Video_2019-05-13_1825 | Body worn camera video from May 13, 2019 recorded by John Sucato. |
| 3 | 20190513_-_FIRST_AMEND_-_1099_30TH_ST_NW | Body worn camera video from May 13, 2019 at 5:58 p.m. recorded by Robert Glover. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 4 | 20190513_1st_AMEND-30TH_ANDK_ST_NW | Body worn camera video from May 13, 2019 at 6:44 p.m. recorded by Bredet Williams. |
| 5 | 20190513_-_FIRST_AMENDMENT_-_1099_30_St_NW | Body worn camera video from May 13, 2019 at 8:23 p.m. recorded by Jason Bagshaw. |
| 6 | Photo at USAO_001888 | Photo of individuals in embassy holding signs out the window including one saying "No Coup." |
| 7 | Photo at USAO_001890 | Photo of State Department law enforcement coming out of embassy—signs on building visible. |
| 8 | Photo at USAO_001891 | Photo of individuals at nighttime in embassy holding signs out the window including one saying "The Coup Failed." |
| 9 | Photo at USAO_001892 | Photo of two defendants out window with one wearing "No Coup" sign. |
| 10 | Photo at USAO_001894 | Photo of one defendant with fist raised out window at nighttime in embassy wearing "No Coup" sign. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 11 | Photo at USAO_001931 | Photo of trespassing notice posted on gate. |
| 12 | Photo at USAO_001932 | Photo of trespassing notice posted on window. |
| 13 | Photo at USAO_001933 | Photo of trespassing notice posted on window and door with stairwell visible. |
| 14 | Photo at USAO_001934 | Photo of trespassing notice posted on window with rail of stairwell visible. |
| 15 | Photo at USAO_001936 | Photo of embassy with COUP FAIL signs. |
| 16 | Photo at USAO_001937 | Photo of pathway into lower entrance with notice posted. |
| 17 | Photo at USAO_001938 | Photo of lower window with notice posted. |
| 18 | Photo at USAO_001939 | Photo of lower door with notice. |
| 19 | Photo at USAO_001941 | Photo of front of embassy with STOP yellow sign visible. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 20 | Photo at USAO_001896 | Photo of table with trespassing notice and other documents. |
| 21 | Photo at USAO_001897 | Photo of close up of trespassing notice with pink post-it note. |
| 22 | Photo at USAO_001898 | Photo of pink post-it note on desk in embassy with phone numbers written. |
| 23 | Photo at USAO_001899 | Photo of trespassing notice in plastic bag. |
| 24 | 05162019 VZ Case Arrest Notes Notes and Timeline_Redacted | Agent Bradley Gilmore's typed Case Notes and Timeline |
| 25 | BG Notes VZ Mtg 4-10-19_Redacted | Email from Gilmore to Gottshall and others summarizing the Venezuela meeting on April 10, 2019. |
| 26 | BG Notes VZ Mtg 4-25-19_Redacted | Email from Gilmore to Gottshall summarizing the Venezuela meeting on April 25, 2019. |
| 27 | FW_ Exiting the Venezuelan Embassy.pdf - R_Redacted | Email from May 13, 2019 from Kevin Zeese explaining that he has been in the embassy for 34 days. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 28 | FW_ Writing from inside the Venezuela Embassy.pdf - R_Redacted | Email from April 24, 2019 from Kevin Zeese explaining that he is with the Embassy Protection Collective. |
| 29 | Gilmore Notes May 16, 2019_Redacted | Bradley Gilmore's written notes. |
| 30 | IMG_2758 | Photos of the defendants sitting at conference table in embassy pulled from the internet. |
| 31 | SAB_3622 | Video of the trespass notice being read over the loudspeaker. |
| 32 | SAB_3624 | Video of three people leaving the embassy. |
| 33 | SAB_3626 | Video of front of embassy and people yelling outside. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 34 | SAB_3630 | Video in the nighttime of law enforcement going into the embassy and breaking the lock. |
| 35 | USSS Event Log 5-13-19_Redacted | Email outlining the timing of the posting of the trespassing notices. |
| 36 | Letter to President Trump Appointing Mr. Carlos Vecchio as Ambassador - Jan 29 2019 | Letter from Guaido to President Trump appointing Vecchio. |
| 37 | Permanent Mission Waiver - 26 APR 2019 | April 26, 2019 memo from Ambassador Gustavo Tarre. |
| 38 | Press Statement Accepting Vecchio's Designation as Charge D'Affaires - Jan 27 2019 | Mike Pompeo press statement accepting Vecchio's designation as Charge D'Affaires  from Jan 27 2019. |
| 39 | signed complaint, arrest warrant, affidavit | Signed versions of the complaint, arrest warrant, and affidavit. |
| 40 | Pompeo memo | Memo from Mike Pompeo recognizing Venezuelan government. |
| 41 | Statement Donald J Trump - 23 JAN 2019 | Statement from President Trump Recognizing President Guaido. |
| 42 | Venezuela Embassy Waiver | April 26, 2019 memo from Carlos Vecchio. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 43 | SAB_3630 | Video where Madea Benjamin receives the trespassing notices. |
| 44 | SAB_3630 | Video after Madea Benjamin receives the trespassing notices. |
| 45 | SAB_3608 | Video of law enforcement posting trespassing notice. |
| 46 | SAB_3609 | Video of law enforcement posting trespassing notice. |
| 47 | SAB_3610 | Video of law enforcement posting trespassing notice. |
| 48 | SAB_3611 | Video of law enforcement posting trespassing notice. |
| 49 | SAB_3612 | Video of law enforcement posting trespassing notice. |
| 50 | SAB_3613 | Video of law enforcement posting trespassing notice. |
| 51 | SAB_3614 | Video of law enforcement posting trespassing notice. |
| 52 | SAB_3615 | Video of law enforcement posting trespassing notice. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 53 | SAB_3616 | Video of law enforcement posting trespassing notice. |
| 54 | SAB_3617 | Video of law enforcement posting trespassing notice. |
| 55 | SAB_3618 | Video of law enforcement posting trespassing notice. |
| 56 | SAB_3619 | Video of law enforcement posting trespassing notice. |
| 57 | Gottshall notes 5/13-5/16 | Special Agent Gottshall's handwritten notes. |
| 58 | Gottshall notes 5/16-5/21 | Special Agent Gottshall's handwritten notes. |
| 59 | • *59A PHYSICAL EVIDENCE*-trespassing notice<br>• *59B* text trespassing notice | Physical trespassing notice recovered from the embassy. |
| 60 | Re  1800 Venezuela SITREP 05 13 2019 IMG_0162.MOV | Video from outside the embassy with Venezuelan national anthem following delivery of trespassing notices. |
| 61 | Photo at USAO_030342 | Photo of agents outside front door of embassy. |

| Exhibit No. | Exhibit Name | Description |
|---|---|---|
| 62 | Photo at USAO_030343 | Photo of agents entering embassy—can see defendants. |
| 63 | May 14, 2019 Email from Bradley Gilmore regarding timeline at USAO_030446-47 | May 14, 2019 Email from Bradley Gilmore regarding timeline. |