**United States District Court for the District of Columbia**

**United States of America**          \*

    v.          \*          Crim. No. 1:19-cr-00169-BAH-2

**Zeese, et al.**          \*
    **[Margaret Ann Flowers]**

**Defendant Margaret Ann Flowers' Pretrial Motions, Incorporated Memoranda of Law, and Request for Hearing**

Table of Contents

Motion to Dismiss the Information .............................................................................. 1

Memorandum in Support ............................................................................................. 2

Motion to Sever Defendants and Motion for Additional Peremptory Challenges with Liberal Exercise ................................................................................................... 5

Memorandum in Support ............................................................................................. 5

Request for Notice of the Government's Intent to Use Evidence ............................... 9

Motion for Leave to File Pretrial Motions ................................................................. 10

Motion to Adopt Other Defendants' Motion(s) ......................................................... 10

Request for Hearing ................................................................................................... 11

Points and Authorities ............................................................................................... 11

Certificate of Service ................................................................................................. 12

Appendix .....................................................................................................................

**Motion to Dismiss the Information**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), defendant Margaret Flowers moves to dismiss the Information, because as applied to her conduct the statute violates the First Amendment. U.S. Const amend I.

    1.    The government has alleged that the defendants knowingly and

willfully resisted, obstructed, and interfered with a federal law enforcement agent. 18 U.S.C. § 118. Doc. 14.

2. The government claims that the defendants remained in the Venezuelan Embassy and refused to vacate the premises. Doc. 1-1 at 10.

3. The government claims that as members of the Washington, D.C., Fire Department used hydraulic bolt cutters to remove chain locks and a bicycle lock from the main entrance to the Venezuelan Embassy, the defendants were standing in the main lobby of Embassy observing the process. Id.

4. Special Agent Bradley Gilmore identified the defendants as being present. Id.

5. Special Agent James Gottshall made several requests of the defendants to leave, but they refused. Id.

**Memorandum in Support of Motion to Dismiss**

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const amend I. As a general matter peaceful speech is expressive activity protected by the First Amendment. *See, e.g., Kunz v. New York,* 340 U.S. 290, 293 (1951) (holding unconstitutional an ordinance making it unlawful to hold public worship meetings on streets).

Constitutional challenges to a statute can categorized as "facial" and "as-applied" challenges. In a facial challenge in the context of First Amendment protection of speech, "a law may be invalidated as overbroad if 'a substantial number

of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6 (2008)). "An ordinary as-applied challenge, by contrast, asks a court to assess a statute's constitutionality with respect to the particular set of facts before it." *Hodge v. Talkin*, 799 F.3d 1145, 1156 (D.C. Cir. 2015); *see also FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 456–57 (2007).

Under the First Amendment, the government cannot regulate speech based on its content. *See Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95–96 (1972) ("[A]bove all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter or its content."). Furthermore, "[c]riminal statutes must be scrutinized with particular care." *Houston v. Hill*, 482 U.S. 451, 459 (1987) (citing *Winters v. New York*, 333 U.S. 507, 515 (1948)). "[T]hose [statutes] that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." *Id.*

Laws also may be found unconstitutional based on overbreadth or vagueness. A law must not be so broad as to "effectively grant[ ] police the discretion to make arrests selectively on the basis of the content of the speech." *Houston v. Hill*, 482 U.S. 451, 465 & n.15 (1987) (citing *United States v. Reese*, 92 U.S. (2 Otto) 214, 221 (1876) ("It would certainly be dangerous if the legislature could set a net large enough to

catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large.")).

A law can be shown to be overbroad by demonstrating great harm to particularly important speech. *Cf.* Richard H. Fallen, Jr., *Making Sense of Overbreadth*, 100 Yale L.J. 853, 894–95 (1991) (the "farther that chilled conduct lies from the central concerns of the First Amendment[,] . . . the more a federal court should hesitate about declaring a [law] void for overbreadth").

Laws regulating speech are void for vagueness when they are so ambiguous that the reasonable person cannot tell what expression is forbidden and what is allowed. *See, e.g., Smith v. Goguen*, 415 U.S. 566, 574 (1974) (invalidating statute that "fails to draw reasonably clear lines between the kinds of nonceremonial treatment that are criminal and those that are not"). Vague laws raise a risk of selective enforcement and prosecution. Where a criminal statute is vague, it "may permit 'a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections.'" *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Goguen*, 415 U.S. at 575).

In this case, the statute is being used unconstitutionally to criminalize peaceful protest and attempts to petition for a redress of grievances, activities at the heart of the First Amendment. Merely standing in the lobby, observing the process, and refusing **"a request"** to leave is expressive conduct that should not be threatened with of arrest and punishment. Accordingly, Ms. Flowers moves the Court to dismiss the charge.

4

## Motion to Sever Defendants and Motion for Additional Peremptory Challenges with Liberal Exercise

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(D) and 14(a), the defendant Margaret Flowers moves to sever defendants, and pursuant to Federal Rule of Criminal Procedure 24(b), she moves for additional peremptory challenges to be exercised severally by her. In support defendant states:

6. Joinder is prejudicial, because the government proposes to introduce statements by codefendant Kevin Zeese. Doc. 84 at 84 – 85.

7. If Mr. Zeese does not testify, Ms. Flowers would be denied her right of confrontation regarding his statements.

8. Ms. Flowers might be denied peremptory challenges.

9. Codefendants might employ conflicting jury selection strategies.

10. Codefendants might employ conflicting.

### Memorandum in Support of Motion to Sever Defendants

The Confrontation Clause guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const amend VI.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a limiting instruction is insufficient to protect a defendant's confrontation right when a statement by his co-defendant implicating him in the crime is introduced at a joint trial. At Bruton's trial for armed postal robbery, the postal inspector testified that Evans, Bruton's co-defendant, had confessed and named Bruton as his accomplice.

The court instructed the jurors to only consider that testimony in assessing Evans's guilt, not in assessing Bruton's guilt. On appeal following Bruton's conviction, the Supreme Court reversed. It reasoned that because Evans had not testified and there was a "substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining [Bruton's] guilt," Bruton had been deprived of his Sixth Amendment right of confrontation. *Id.* at 126.

In *Richardson v. Marsh*, 481 U.S. 200, 202 (1987), the Supreme Court held that when a "codefendant's confession is redacted to omit any reference to the defendant, but the defendant is nonetheless linked to the confession by evidence properly admitted against him at trial," the statement may be admitted at a joint trial without running afoul of *Bruton*. In that case, Clarissa Marsh was tried jointly with Benjamin Williams on charges arising from the assault of a woman and the murders of the woman's 4-year old son and her aunt. At trial, Williams's taped confession was played for the jury. In it, Williams implicated himself, Marsh, and the third co-defendant (a fugitive at the time of the trial), saying that on the night in question the three of them had driven to the victims' home and on the way he and the third co-defendant had discussed their plan to rob and kill the victims. "The confession was redacted to omit all reference to [Marsh] —indeed, to omit all indication that anyone other than [the third codefendant] and Williams participated in the crime." *Id.* at 203 (emphasis in original) (footnote omitted). When the confession was admitted, the jurors were instructed that they could not use it against Marsh. Williams did not testify, but Marsh did. She stated that she was in the car with Williams and the third co-

defendant on the night in question; that she could see that they were talking, but could not hear them because the radio was playing loudly; and that she did not know anything about a plan to rob or murder anyone, and did not participate in such a plan.

The Supreme Court held that because Williams's confession "was not incriminating [to Marsh] on its face, and became so only when linked with evidence introduced later at trial ([Marsh's] own testimony)," the situation was unlike that in *Bruton*. *Richardson v. Marsh*, 481 U.S. at 208. The Court reasoned that while "[s]pecific testimony that 'the defendant helped me commit the crime'" may be difficult for a juror to "thrust out of mind," evidence that may lead to "inferential incrimination" may be handled by means of an appropriate jury instruction. *Id*. The jury, having been instructed not to consider Williams's confession as against Marsh, was presumed to have followed that instruction.

*Disparity of Evidence*

The D.C. Circuit has recognized that prejudice from joinder of defendants might arise in a wide variety of ways. *Rhone v. United States*, 365 F.2d 980, 981 (D.C. Cir. 1966). Great disparity in the weight and quantum of the government's evidence can justify a severance. *United States v. Sampol*, 636 F.2d 621, 642 – 648 (D.C. Cir. 1980). The evidence against Mr. Zeese in this case is dramatically disparate from that against Ms. Flowers. *United States v. Tarantino*, 846 F.2d 1384, 1398 – 99 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 840. Accordingly, severance is required in this case. *Cf.*

*United States v. Andrews*, 754 F.Supp. 1161 (N.D. Ill. 1990) (granting severance of defendants based upon disparity of evidence).

In addition to the weight of the evidence, the quantity and type of evidence against the co-defendants, is a consideration in evaluating the necessity for a severance. *United States v. Sampol*, 636 F.2d at 646.

The prejudice cannot be cured through jury instructions directed at having the jury compartmentalize the evidence. *United States v. Daniels*, 770 F.2d 1111 (D.C. Cir. 1985).

*Inconsistent Defenses*

Regardless of the government's theory that the defendants were jointly involved in the alleged offense, the other defendants defenses are "mutually contradictory" to Ms. Flowers'. *United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir. 1989), *cert. denied*, 110 S.Ct. 879 (1990); *United States v. Tarantino*, 846 F.2d 1384, 1399 (D.C. Cir. 1988); *United States v. Erlichman*, 546 F.2d 910, 929 – 30 (D.C. Cir. 1976), *cert. denied*, 429 U.S. 1120 (1977).

Based on discussions with codefendants' counsel, they have defenses which are antagonistic and contradictory, *Manner* at 326, and present a situation involving hostility. *Id. citing United States v. Wright*, 783 F.2d 1091, 1094 (D.C. Cir. 1986).

Mutually antagonistic defenses will result in an unfair trial for each defendant. A joined trial would risk that the jury would convict because of the inconsistency. *Wright* at 1095. There is a substantial possibility that the jury will unjustifiably infer that this conflict alone demonstrates that all defendants are guilty.

Codefendants' counsel would have a duty to comment on the failure of another defendant to testify if he or she does not take the stand. *DeLuna v. United States*, 308 F.2d 140, 154 - 155 (5th Cir. 1962); *United States v. Mitchell*, 397 F. Supp. 166, 178 (D.D.C. 1974)(*DeLuna* rule is that when one defendant would have a duty to comment on failure of co-defendant to take the stand because of a head-on conflict between defendants, severance should be granted). Accordingly, a severance should be granted to prevent the prejudice resulting from any comment by counsel on a co-defendant's failure to testify at trial.

The situation in the instant case presents precisely that problem, and jury instructions cannot cure it. Accordingly, a severance is warranted.

**Request for Notice of the Government's Intent to Use Evidence**

Pursuant to Federal Rule of Criminal Procedure 12(b)(4), the defendant requests notice of the government's intent to use in its case in chief at trial all evidence to which the defendant is entitled pursuant to Federal Rule of Criminal Procedure 16. In support defendant states:

11. The defendant seeks this notice, in order to determine whether there is evidence which would require the defendant to make or supplement a motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C).

**Motion for Leave to File Pretrial Motions**

Pursuant to Federal Rule of Criminal Procedure 12(b)(2), defendant Flowers moves for additional time in which to file Pre-Trial Motions pursuant to Federal Rule of Criminal Procedure 12(b)(2) and (3). In support she states:

12. On October 23, 2019 the Court ordered that motions are due by January 10, 2020.

13. Counsel was appointed to represent Ms. Flowers on October 28, 2019. Doc. 65.

14. Prior counsel delivered the file to present counsel on November 1, 2019.

15. The government has produced nearly 30,000 pages of discovery almost 900 body worn camera videos, and numerous audio and video files. Doc. 71 at 1.

16. It has been challenging to examine so much material in such a short time.

**Motion to Adopt Other Defendants' Motion(s)**

Pursuant to Federal Rule of Criminal Procedure 12(b), the defendant Flowers moves to adopt the Motions submitted by other defendants in this case, as they may apply to her and to the extent they are not inconsistent with any motions specifically filed by her. In support she states:

17. Counsel anticipates extensive pre-trial motions and memoranda by the co-defendants in this matter

18. Counsel hopes to avoid repetition and duplication.

**Request for Hearing**

Pursuant to Local Criminal Rule 47(f), defendant Flowers requests a hearing. The Court has already scheduled a pretrial conference for 9:30 a.m. on January 29, 2020.

**Points and Authorities**

*Bruton v. United States*, 391 U.S. 123 (1968).
*DeLuna v. United States*, 308 F.2d 140 (5th Cir. 1962).
*FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449 (2007).
*Hodge v. Talkin*, 799 F.3d 1145 (D.C. Cir. 2015).
*Houston v. Hill*, 482 U.S. 451 (1987).
*Kolender v. Lawson*, 461 U.S. 352 (1983).
*Kunz v. New York,* 340 U.S. 290 (1951).
*Police Dep't of Chicago v. Mosley*, 408 U.S. 92 (1972).
*Rhone v. United States*, 365 F.2d 980 (D.C. Cir. 1966).
*Richardson v. Marsh*, 481 U.S. 200 (1987).
*Smith v. Goguen*, 415 U.S. 566 (1974).
*United States v. Andrews*, 754 F.Supp. 1161 (N.D. Ill. 1990).
*United States v. Daniels*, 770 F.2d 1111 (D.C. Cir. 1985).
*United States v. Erlichman*, 546 F.2d 910 (D.C. Cir. 1976).
*United States v. Manner*, 887 F.2d 317 (D.C. Cir. 1989)
*United States v. Mitchell*, 397 F. Supp. 166 (D.D.C. 1974).
*United States v. Reese*, 92 U.S. (2 Otto) 214 (1876).
*United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980).
*United States v. Stevens*, 559 U.S. 460 (2010).
*United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988).
*United States v. Wright*, 783 F.2d 1091 (D.C. Cir. 1986).
*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442 (2008)).
*Winters v. New York*, 333 U.S. 507 (1948).
U.S. Const amend I.
U.S. Const amend VI.
18 U.S.C. § 118.
Fed. R. Crim.P. 12(b).
Fed. R. Crim.P. 14(a).
Fed. R. Crim.P. 24(b).
Loc. Crim. R. 47(f).
Richard H. Fallen, Jr., *Making Sense of Overbreadth*, 100 Yale L.J. 853, 894–95 (1991).

/s/
William L. Welch, III
D.C. Bar No. 878119
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 649-5217
Counsel for Richard Ryans
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 10th day of January, 2020 a copy of the foregoing Pretrial Defense Motions, Incorporated Memoranda of Law, and Request for Hearing were delivered electronically to Ms. Danielle Sara Rosborough (danielle.rosborough2@usdoj.gov), Ms. Jessica Camille Brooks (jessica.brooks@usdoj.gov), and Mr. Jorge Luis Gonzalez (jorge.gonzalez3@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/
William L. Welch, III
