## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

        *Plaintiff,*

  **v.**

**KEVIN BRUCE ZEESE,**
**MARGARET ANN FLOWERS,**
**ADRIENNE PINE, and**
**DAVID VERNON PAUL,**

        *Defendants.*

**NO. 1:19-cr-00169-BAH**

---

## DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO LIMIT ARGUMENT, TESTIMONY, AND EVIDENCE

Defendants Kevin Zeese, Margaret Flowers, Adrienne Pine, and David Paul, by and through counsel, hereby submit this opposition to the government's motion *in limine* (Gov.'s Mot., ECF No. 83). As discussed in detail below, the government seeks to deny Defendants their constitutional right to present a defense by precluding them from introducing facts and making arguments that are probative of whether Defendants acted with the requisite *mens rea*. The government's motion should therefore be denied.

As an initial matter, the government's argument that defense counsel will, absent a ruling from the Court, inject "improper and inflammatory defenses" (*id.* at 8) into the case or use the trial as a vehicle for defendants to express their "personal opinions" on political issues (*id.* at 3) is unwarranted. Each Defendant is represented by counsel who understands and will abide by the rules of evidence and the rules of professional responsibility. As such (and though they should not have to say so in a brief to the Court), Defendants and their counsel acknowledge that

they will not seek to introduce evidence about the "merits of the Guaido administration as compared to those of the Maduro regime"[1] or their "personal opinions regarding the political, social, or economic situation in Venezuela." *Id.* at 2–3. Defendants and their counsel have no intention of making this trial about "their grievances with the Juan Guaido government" or "the entire criminal justice process." *Id.* at 4. Nor do they intend to argue that they had a "right, or even a duty, to violate the law in order to effect a moral, social, or political purpose." *Id.* at 8. Rather, this trial will be about whether the government proves beyond a reasonable doubt that the Defendants committed each of the elements of the charged offense.

That said, Defendants do not agree that the other topics or categories of information listed in the government's brief are out of bounds. Defendants have a constitutional right to present a defense. *Washington v. Texas*, 388 U.S. 14, 19 (1967). This right is a "fundamental element of due process of law." *Id.* It means that Defendants are entitled to present their "version of the facts." *Id.* As the Supreme Court stated in *Holmes v. South Carolina*, 547 U.S. 319 (2006): "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Id.* at 324 (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)).

Defendants' right to present a "complete defense," including their "version of the facts," necessarily means that they can present evidence and make arguments related to the intent element of the charged offense. Defendants are not charged with a strict liability offense. They are charged with interfering with certain protective functions, which requires the government to prove beyond a reasonable doubt that the Defendants acted "knowingly and willfully." 18

---

[1] Defendants understand "merits" in this context to be referring to whether one so-called administration or regime is "better" than the other in terms of performing public services or treating its citizens.

U.S.C. § 118.  To establish that Defendants acted "willfully," "the Government must prove that the defendant[s] acted with knowledge that [their] conduct was unlawful."  *Bryan v. United States*, 524 U.S. 184, 192 (1998) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)); *see also Cheek v. United States*, 498 U.S. 192, 201 (1991) ("[T]he standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'").  Defendants therefore have a constitutional right to present evidence that might show that they did not believe that their conduct was unlawful.  *See Cheek*, 498 U.S. at 203 ("forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision").

In *United States v. Sheehan*, the D.C. Circuit reversed the defendant's conviction for violating a National Park Service (NPS) regulation requiring a permit for demonstrations on certain property, in part, because the trial court precluded the defendant from presenting evidence related to the *mens rea* of the charged offense.  512 F.3d 621 (D.C. Cir. 2008).  At trial, "the Government proceeded with the prosecution of appellant on the erroneous premise that the [NPS] regulations imposed strict liability" and the trial court, "in response to the prosecutor's objections, prevented appellant and her co-defendants from offering evidence of their intent and knowledge."  *Id.* at 630.  The D.C. Circuit held that the trial court committed two legal errors. *Id.* at 631.  First, the trial court committed "serious constitutional error" by treating the regulation at issue as imposing strict liability and by eliminating the prosecutor's burden of proving *mens rea*.  *Id.*  Second, the trial court erred in "preventing appellant from presenting a defense on the *mens rea* issue."  *Id.*  In its harmless error analysis, the D.C. Court noted that "appellant was never allowed to testify about her intent and knowledge on the day in question."  *Id.* at 633. Ultimately, the court in *Sheehan* concluded that "[w]hen, as happened in this case, a defendant is

3

prevented from offering crucial evidence in her own defense, it can hardly be concluded that the trial errors are harmless." *Id.*

Like the government in *Sheehan*, the government in this case is proceeding on the erroneous assumption that Defendants are charged with a strict liability offense and is seeking to preclude Defendants from presenting evidence about their "intent and knowledge." To be sure, the government does not *say* that Defendants are charged with a strict liability offense. But granting the government's motion would have the practical effect of precluding Defendants from presenting evidence about their "intent and knowledge." The government posits that "this case is about the defendants' unlawful refusal to vacate the Venezuelan Embassy when ordered to do so by federal law enforcement." Gov. Mot. 7, ECF No. 83. Yet, the government seeks to deny Defendants their right to present evidence about why they did not vacate the Embassy. If Defendants cannot present evidence or make arguments about, for example, why they believed they had the right to be in the Embassy, why they believed the trespassing notice was invalid, how they cooperated with law enforcement during their time at the Embassy, and what they understood about the application of domestic and international law to the underlying events, they will be denied their right to present their "version of the facts" and to explain why they believed their conduct was lawful. In short, they will be denied their right to present a "complete defense" to the *mens rea* element of the offense.

What is more, the government relies on scant authority in support of its far-reaching request of the Court, and the few cases it cites are easily distinguished from the instant case and are not even binding on this Court. The government cites *Butler v. United States*, 614 A.2d 875 (D.C. 1992), for the proposition that there was "no abuse of discretion where [the] trial court excluded from evidence the defendant's reason for striking the victim because the

'reason . . . was not a legal justification for the assault, and was therefore irrelevant to any issue properly before the jury.'"  Gov. Mot. 6, ECF No. 83.  But assault is a general intent crime and the proffered explanation that was excluded—"because [the victim] opened his eyes after being ordered to keep them shut" (*Butler*, 614 A.2d at 883)—is not remotely a defense to assault. Here, by contrast, Defendants' explanations for why they did not leave the Embassy is probative of whether they acted willfully.  The government also cites *United States v. Rosado*, 728 F.2d 89 (2d Cir. 1984), where the Second Circuit noted the "hazards of permitting defendants in a criminal case to present evidence beyond what is relevant to disputing the elements of the offense charged or to establishing a lawful defense" (Gov. Mot. 6, ECF No. 83), but the only evidentiary issue in *Rosado* was the admissibility of the evidence presented by the *government* in its rebuttal case.  In any event, the evidence the government seeks to exclude in this case is not "beyond what is relevant" to the *mens rea* element; it is highly relevant.

The government also cites *Gaetano v. United States*, 406 A.2d 1291 (D.C. 1979), in support of its assertion that the "defendants should not be allowed to argue that they had a *bona fide* belief regarding their presence in the Embassy" because such a defense does not apply to "individuals who believe they have a right, or even a duty, to violate the law in order to effect a moral, social, or political purpose."  Gov. Mot. 8, ECF No. 83.  But Defendants in this case will not contend that they had a right or a duty to violate the law in order to effect a moral, social, or political purpose.  Rather, they will contend that they did not violate the law.  In *Gaetano*, unlike in the instant case, defendants' knowledge of the criminal nature of their acts was undisputed. *Id.* at 1292 ("At issue in this case is the criminal liability of individuals who, while *acting in full knowledge of the criminal nature of their acts*, maintain a belief that their actions were right and necessary.") (emphasis added).  Because Defendants in this case were not engaging in civil

disobedience (*i.e.*, they did not intentionally violate a law they believed was unjust), they are entitled to present evidence and make arguments showing that they believed their conduct was lawful.

Finally, the government has indicated its intention to seek admission of information that fall into the very categories of information that the government contends are inadmissible (if introduced by Defendants). The government's (lengthy) exhibit list includes photos featuring political statements and documents generated weeks or months prior to the time period charged in the Information, including:

- Photos of individuals in the Embassy holding signs saying "No Coup" or making other political statements (Exs. 6, 8, 9, 10, 15);

- Photos of the Embassy (without individuals) displaying signs saying "COUP FAIL" or other political statements (Exs. 15, 19);

- A letter from Juan Guaido, dated January 29, 2019 (Ex. 36);

- A letter from Ambassador Gustavo Tarre, dated April 26, 2019 (Ex. 37);

- A press report from Secretary of State Michael Pompeo, dated January 27, 2019 (Ex. 38); and

- A statement from President Donald J. Trump, dated January 23, 2019 (Ex. 41).

As the saying goes, what is sauce for the goose is sauce for the gander. The government has not explained why they should be permitted to introduce the (hearsay) statements of public officials who do not even know the Defendants from weeks or months prior to the incident, and yet the Defendants cannot present evidence that explains or demonstrates their belief that their conduct at the time of the alleged offense was not unlawful.

*** 

For the reasons stated above, the government's motion should be denied.

Respectfully submitted,


*/s/Michael J. Satin*
Michael J. Satin (DC Bar #480323)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street NW
Washington, D.C. 20006
Telephone: (202) 626-6009
Fax: (202) 626-5801
msatin@milchev.com
*Counsel for David Vernon Paul*


*/s/John Kenneth Zwerling*
John Kenneth Zwerling (DC Bar # 147637)
ZWERLING, MOSELEY & SEARS P.C.
114 North Alfred Street
Alexandria, VA 22314
Telephone: (703) 684-8000
Fax: (703) 684-9700
jz@zwerling.com
*Counsel for Kevin Bruce Zeese*


*/s/H. Heather Shaner*
H. Heather Shaner (DC Bar #273276)
*LAW OFFICES OF H. HEATHER SHANER*
1702 S Street, NW
Washington, DC 20009
(202) 265-8210
Fax: (202) 332-8057
hhsesq@aol.com
*Counsel for Adrienne Pine*


*/s/William Lawrence Welch, III*
William Lawrence Welch, III (DC Bar #447886)
5305 Village Center Drive
Suite 142
Columbia, MD 21044
(410) 615-7186
Fax: (410) 649-5217
wlw@wwelchattorney.com
*Counsel for Margaret Ann Flowers*

**CERTIFICATE OF SERVICE**

I certify that this Defendants' Opposition to the Government's Motion In Limine to Limit Argument, Testimony, and Evidence was filed electronically through the ECF filing system on this 17th day of January 2020, thereby providing service electronically upon all parties in this case.

/s/*Michael J. Satin*
Michael J. Satin