**United States District Court for the District of Columbia**

| | |
|---|---|
| **United States of America** | * |
| **v.** | *         Crim. No. 1:19-cr-00169-BAH-2 |
| **Zeese, et al.** | * |
| **[Margaret Ann Flowers]** | |

**Defendant Margaret Ann Flowers' Supplemental Response in Opposition
to Government's Motion in Limine**

Introduction

The government has filed a Motion in Limine, styled as limiting the scope of
evidence, testimony, and argument to insulate the jury from inadmissible evidence
generally. Doc. 83. However, at the same time, the government has also proposed that
it present the same evidence, testimony, and argument. Doc. 84. The government
does not seek to insulate the jury from inadmissible evidence. Instead, the
government asks the Court to prevent the defense from responding. This supplement
amplifies the points about the government's conflicting positions in Docs 83 and 84,
and right to present a defense in defendants' Memorandum in Opposition. Doc. 88.

Facts

1.    The government has alleged that the defendants knowingly and
willfully resisted, obstructed, and interfered with a federal law enforcement agent.
18 U.S.C. § 118. Doc. 14.

2.    Concurrently with the Motion in Limine (Doc. 83), the government also
filed a Joint Pretrial Statement, including proposed voir dire, jury instructions and
the Government's Exhibit List. Doc. 84.

3.     The proposed voir dire includes asking the venire about Code Pink, Embassy Protection Collective, ANSWER Coalition, and Popular Resistance. Doc. 84 at 14.

4.     The proposed instructions include instructing the jury that the defendants acted knowingly and willfully. See, Doc. 84 at 21, 22, 52, 72 – 74.

5.     The proposed instructions also include defining knowingly and willfully. See, Doc. 84 at 34, 52, 53, 72 – 74.

6.     The government's exhibits include:

i)     several photographs of signs that read "No Coup, The Coup Failed, COUP FAIL," and "STOP," some being held by people, whom the government claims are defendants (Exhibits 6 – 10, 15, 19, and 38);

ii)    several photographs and videos of trespassing notices (Exhibits 7, 11 – 14, 17, 18, 20, 21, 23, 38, 43 – 56, 59, and 59A);

iii)   e-mail correspondence, which the government claims is from codefendant Kevin Zeese, regarding time in the embassy both before and during the time alleged in the Information and the Embassy Protection Collective (Exhibits 27 and 28);[1]

iv)    Agents' notes (Exhibits 24 – 26, 29, 57, and 58);[2]

---

[1] Exhibits 27 and 28 are also the subject of Ms. Flowers' Severance Motion. Doc. 85 at p. 4.
[2] Exhibits 1 – 5, 24 – 26, 29, 31 – 34, 43 – 58, and 60, which the government disclosed on January 10, 2020, might also include codefendants' statements that should

v)      Videos (Exhibits 1 – 5, 31 – 34, 43 – 56, and 60);[3]

vi)     Letter from Guaido to President Trump appointing Vecchio (Exhibit 36);

vii)    April 26, 2019 memo from Ambassador Gustavo Tarre (Exhibit 37);

viii)   Mike Pompeo press statement accepting Vecchio's designation as Charge D'Affaires from Jan 27 2019 (Exhibit 38);

ix)     Signed versions of the complaint, arrest warrant, and affidavit, in which the government specifically references "Code Pink, the Embassy Protection Collective, and Popular Resistance," makes claims about these organizations and their members, and attributes statements to codefendants, specifically Kevin Zeese. (Exhibit 39, See also, Doc. 1-1 at 5 – 6, 12, and 14);[4]

x)      Memo from Mike Pompeo recognizing Venezuelan government (Exhibit 40);

---

properly be included in Ms. Flowers' Severance Motion. Doc. 85 at p. 4. Counsel has not been able to complete reviewing all of the materials identified by the government on January 10th for *Bruton* problems before this Motion was due according to the Court's Minute Order dated October 23, 2019. *Bruton v. United States*, 391 U.S. 123 (1968). Counsel will make every effort to have done so by the Pretrial Conference on January 29, 2020. Counsel was appointed on October 28, 2019 and there are nearly 30,000 pages of discovery, almost 900 body worn camera videos, and numerous audio and video files. Doc. 71 at 1.

[3] See, footnote 2.

[4] Some statements that the government claims are codefendant Kevin Zeese's are already the subject of Ms. Flowers' Severance Motion, because of a *Bruton* problem. Doc. 85 at p. 4; *Bruton v. United States*, 391 U.S. 123 (1968).

xi) Statement from President Trump Recognizing President Guaido (Exhibit 41); and

xii) April 26, 2019 memo from Carlos Vecchio (Exhibit 42).

7. The government's proposed exhibits reference Code Pink, Embassy Protection Collective, ANSWER Coalition, Popular Resistance, a coup, and statements, which the government claims are by codefendant Kevin Zeese, regarding time in the embassy both before and during the time alleged in the Information and the Embassy Protection Collective. See, Doc. 84 at 81 – 90.

## Memorandum in Support of Response

### I.    Purpose of Motions in Limine

In an appropriate case, pre-trial motions in limine do serve an important role in insulating the jury from inadmissible evidence and furthering the purpose of the Federal Rules in ensuring fair proceedings, ascertaining the truth, and securing a just determination. *See, United States v. Bikundi*, No. 1:14-cr-00030-BAH, 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015).

Evidence is only relevant, if it has a tendency to make a fact of consequence more or less probable than without the evidence. Fed. R. Evid. 401.

Irrelevant evidence is not admissible. Fed. R. Evid. 402; *Huddleston v. United States*, 485 U.S. 681, 687 – 688 (1988).

The court assesses whether evidence is relevant, and if so, whether it is admissible, pursuant to the Federal Rules of Evidence. *Huddleston, supra.* The

burden is on the party seeking to introduce the evidence or argument to establish both relevancy and admissibility. *Id.*

## II.     Due Process

Criminal defendants have the right to due process, which means the right to a fair opportunity to defend against the government's accusations. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).

That includes the right to offer the testimony of witnesses, the right to present a defense, the right to present the defendant's version of the facts in addition to the prosecution's to the jury, so it may decide where the truth lies. *Washington v. Texas*, 388 U.S. 14, 19 (1967). A defendant has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, and the right to present his or her own witnesses to establish a defense. *Id.* "This right is a fundamental element of due process of law." *Id.*

### A.     Right to Testify.

A criminal defendant has a constitutional right to testify. *Rock v. Arkansas,* 483 U.S. 44 (1987). While not absolute, a court may not prohibit all testimony by a defendant. *Id.* at 62. For example, when there has been a sufficient showing that a defendant's post-hypnosis memory is unreliable, a court can limit a defendant to testimony about his pre-hypnosis memory of the relevant events. *Id.* at 60 – 62. However, a court may not adopt a per se rule that prohibits all testimony by a

5

defendant about post-hypnosis memory. *Id.* at 62.instead, must limit its prohibition to unreliable memory. *Id.*

### B.    Right to Present a Defense.

Regardless of whether a defendant testifies, a defendant has a constitutional right to present a defense through other evidence. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). However, like a defendant's right to testify, the right to present a defense is "subject to reasonable restrictions" if there is a sufficient countervailing governmental interest. *Scheffer*, 523 U.S. at 308. For example, the Supreme Court has held that the exclusion of a favorable polygraph examination did not violate the right to present a defense because polygraph tests have not yet been shown to be sufficiently reliable. *Id* at 309 – 17. Conversely, application of an evidence rule that excludes reliable exculpatory evidence would violate a defendant's right to present a defense where the rule "serve[s] no legitimate purpose or ... [is] disproportionate to the ends that they are asserted to promote." *Holmes*, 547 U.S. at 326; *see also Chambers*, 410 U.S. at 302 – 3; *United States v. Stever*, 603 F.3d 747, 755 – 56 (9th Cir. 2010) (the right to present a defense includes, inter alia, the right to present evidence to refute the government's theory of motive, to present evidence that contradicts the theory of prosecution, or to present evidence of third party culpability).

C.      **Right to Jury Trial.**

A jury trial is a fundamental right. *Duncan v. Louisiana,* 391 U.S. 145, 157-58, 88 S.Ct. 1444, 1451-52, 20 L.Ed.2d 491 (1968). The right exists to prevent the governmental oppression. *Baldwin v. New York,* 399 U.S. 66, 72, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970) (plurality opinion); *Duncan,* 391 U.S. at 155-56, 88 S.Ct. at 1450-51; *Singer v. United States,* 380 U.S. 24, 31, 85 S.Ct. 783, 788, 13 L.Ed.2d 630 (1965). The Supreme Court has described the jury trial as "essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants." *Duncan,* 391 U.S. at 157-58, 88 S.Ct. at 1451-52. Specifically, "the jury interposes between the accused and his accuser the judgment of laymen who are less tutored perhaps than a judge or panel of judges, but who at the same time are less likely to function or appear as but another arm of the government that has proceeded against him." *Baldwin v. New York,* 399 U.S. 66, 72, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970) (plurality opinion); *see also Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893, 1905, 26 L.Ed.2d 437 (1970); *Duncan,* 391 U.S. at 156, 88 S.Ct. at 1451.

The Constitution guarantees the right to trial by jury twice. Art. III, § 2, cl. 3 guarantees that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury. . . ." In addition, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ."

### III.    Curative Admissibility Doctrine.

Introduction of evidence under curative admissibility is permitted "to the extent necessary to remove any unfair prejudice which might otherwise" ensue from the original evidence. *United States v. Winston*, 447 F.2d 1236, 1240 (D.C. Cir. 1971).

Much like the curative admissibility doctrine, the common-law doctrine of completeness seeks to ensure fairness in this adversarial system. The common-law doctrine of completeness has been partially codified by Federal Rule of Evidence 106. *See, Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988) ("The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106").

### IV.    Rule 106.

If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in *fairness* ought to be considered at the same time.

Fed. R. Evid. 106 (emphasis added). Of course, the italicized word highlights that the Rule requires the introduction of the remaining portion of a statement when fairness requires that it be considered by the jury.

The rule has two considerations. Fed. R. Evid. 106 Advisory Committee's Note to 1972 proposed rules. First is the misleading impression created by taking matters out of context. Id. Second is the inadequacy of repair work when delayed to a point later in the trial. Id. The rule does not in any way circumscribe the right of the

adversary to develop the matter on cross-examination or as part of his own case. Fed. R. Evid. 106 Advisory Committee's Note to 1972 proposed rules.

When one party's use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and admissible. *Beech Aircraft Corp.,* 488 U.S. at 172.

The Rule of Completeness does not necessarily allow a party to introduce an entire document or recording once a part of it is admitted into evidence, but the Rule can make the portion admissible that corrects the allegedly misleading impression. *United States v. Rivera,* 61 F.3d 131, 135-36 (2nd Cir. 1995).

Even if Ms. Flowers would not otherwise be entitled to introduce certain evidence, the Court would not be precluded from admitting the entirety of it under the rule of completeness. *United States v. Sutton*, 801 F. 2d 1346 (D.C. Cir. 1986) (rejected the notion that only admissible evidence could be used to complete the record under Rule 106).

The Rule fulfills its function only by permitting some otherwise inadmissible evidence, when the court finds in fairness that it should be considered contemporaneously. *Sutton*, 801 F. 2d at 1368 – 69. To do otherwise raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court. *Id*.

Other courts have similarly held that under the rule of completeness, evidence that is otherwise inadmissible can nevertheless be admitted to ensure fairness. *See,*

*United States v. Harvey*, 653 F.3d 388, 394 – 95 (6th Cir. 2011) (affirming district court's decision to admit under the rule of completeness recordings that the court previously ruled inadmissible); *United States v. Bucci*, 525 F.3d 116, 133 (1st Cir. 2008)("[O]ur case law unambiguously establishes that the rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence"); *United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988) ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement. Fed. R. Evid. 106 allows an adverse party to introduce any other part of a writing or recorded statement which ought in fairness be considered contemporaneously. The rule simply speaks the obvious notion that parties should not be able to lift selected portions out of context"); *United States v. LeFevour*, 798 F.2d 977, 980-82 (7th Cir. 1986)("If otherwise inadmissible evidence is necessary to correct a misleading impression, then either it is admissible for this limited purpose by force of Rule 106 . . . or, if it is inadmissible . . . the misleading evidence must be excluded too").

When admitting only a portion of a conversation or written or recorded statement would mislead the jury, a redacted statement violates the defendant's Fifth and Sixth Amendment right to a fair trial. *See, e.g., Greene v. Lambert,* 288 F.3d 1081, 1090 (9th Cir. 2002).

## V.     Rule 403.

The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403 (emphasis added).

The court should read every word of what will be before the jury, so the court knows exactly what the jury will see and hear. *United States v. McElmurry,* 776 F.3d 1061, 1068 (9th Cir. 2015).

The Rule favors admissibility, because relevant evidence may be excluded only if its probative value is *substantially* outweighed by countervailing factors. *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

If a party seeks to exclude otherwise relevant evidence by claiming that it is prejudicial, the evidence must be *unfairly* prejudicial. *Id* at 1172 (citing *United States v. Mills,* 704 F.2d 1553, 1559 (11th Cir. 1983)). Unfair prejudice means undue tendency to suggest decision on an improper basis, such as emotion, or evidence designed to elicit a response from the jurors that is not justified by the evidence. *United States* v. *Ellis,* 14 7 F.3d 1131, 1135 (9th Cir. 1998); *accord Old Chief v. United States,* 519 U.S. 172, 180 (1997).

For example, in *Ellis,* the Ninth Circuit held that it was unfairly prejudicial to admit evidence that the defendant had a copy of The Anarchist Cookbook. 147 F.3d at 1135 – 36. It did so, because the book, which provided information about how to

violently overthrow the government, was likely to encourage the jury to reach a conclusion based on emotion instead of the evidence presented, even though it had some relevance to the defendant's prosecution for receiving and concealing stolen explosives. *Ellis,* 147 F.3d at 1135 – 36.

How unfairly prejudicial evidence must be in order to be excluded is related to how probative the evidence is of a relevant fact. If the evidence has only slight probative value, then it must be excluded even if there is only modest likelihood of unfair prejudice or a small risk of misleading the jury. *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992). In other words, the less probative a piece of evidence is, the less unfairly prejudicial it must be for it to be excluded under Rule 403.

Besides requiring the exclusion of evidence when probative value is substantially outweighed by unfair prejudice, the Rule also requires the exclusion of evidence that would confuse or mislead the jury and evidence that would otherwise waste time. Fed. R. Evid. 403(b). Evidence that might be excluded because it would be a waste of time is evidence that would needlessly prolong the trial. *United States v. Smithers,* 212 F.3d 306, 316 (6th Cir. 2000). For instance, cumulative evidence could be excluded, because it does no more than replicate other evidence. *United States v. Ives,* 609 F.2d 930, 933 (9th Cir. 1979). Likewise, evidence that would result in litigating collateral issues may be excluded. *United States v. Khan,* 508 F.3d 413, 417 (7th Cir. 2007).

In applying the Rule 403 balancing test, the availability of alternative means to present similar evidence informs probative value. *United States v. Alvadallah,* 436 F.3d 125, 132 (2nd Cir. 2006).

The Rule does not require proving any fact in the least unfairly prejudicial way possible. *Old Chief v. United States*, 519 U.S. 172, 186 – 187 (1997). A party can provide context to its case. However, the extent to which a fact is contested will inform the question of how probative a piece of evidence is. *See, United States v. Gomez,* 763 F.3d 846, 857 – 60 (7th Cir. 2014).

Whether a particular piece of evidence should be excluded must, of course, be evaluated on a case-by-case basis. However, appellate courts have provided guidance on re-occurring fact patterns. For example, the fact that the defendant is poor is generally excludable under Rule 403. *United States v. Mitchell,* 172 F.3d 1104, 1107-09 (9th Cir. 1999). Testimony about the structure and methods of drug trafficking organizations is generally excludable, except in conspiracy cases. *United States v. Varela Rivera,* 279 F.3d 1174, 1179 (9th Cir. 2002). Polygraph evidence should generally be excluded, because it is confusing and jurors often tend to give it too much weight. *United States v. Waters,* 194 F.3d 926, 930 (8th Cir. 1999); *United States v. Elkins,* 70 F.3d 81, 83-84 (10th Cir. 1995). Evidence connecting a party with illegal narcotics is considered particularly prejudicial and is often excluded in cases involving charges other than drug-trafficking. *United States* v. *Blackstone,* 56 F.3d 1143, 1146 (9th Cir. 1995).

## VI.    Willfully.

The government must prove beyond a reasonable doubt: (1) the defendants obstructed, resisted, or interfered with a federal law enforcement agent; (2) who was engaged in the performance of functions authorized under 22 U.S.C. § 2709 or 22 U.S.C. § 4802; and (3) that the defendants' actions were knowing and willful. Doc. 83 at 5. See, 18 U.S.C. § 118.

This is not a strict liability offense, requiring only an act. The statute requires showing that the violator "willfully" to have performed one of the proscribed acts. *Cispes v. FBI*, 770 F.2d 468 (5th Cir. 2018). The requirement serves both to restrict arbitrary enforcement of the statute, and to reduce the likelihood of conviction for a good faith exercise of expressive rights. *Id. See, also United States v. Sheehan*, 512 F.3d 621 (D.C. Cir. 2008) (NPS regulations should be construed to contain a mens rea requirement).

Even the government concedes that willfully means that it must prove beyond a reasonable doubt that the Defendant (sic) knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that the Defendant (sic) acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the Defendant (sic) acted with a purpose to disobey or disregard the law. Doc. 84 at 73.

Generally, in the criminal context a willful act is one undertaken with a bad purpose. *See, e.g., Byran v. United States,* 524, U.S. 184, 191 (1998).

## VII.   Government's Citations.

The authority that the government cites does not support the proposition that should not be allowed to respond to the government's evidence, testimony, and arguments.

*Butler v. United States*, 614 A.2d 875 (D.C. 1992) was a kidnapping and murder case in Superior Court. Butler's redacted statement was introduced over his objection. Butler's statement had been redacted, because it implicated his codefendant. Butler had not shown that what he wanted to introduce would have been exculpatory.

*United States v. Rosado*, 728 F.2d 89 (2nd Cir. 1984) involved a trespassing charge. Defendants mounted what might be called a political defense and invited jury nullification by questioning the government's motives in subpoenaing appellants and prosecuting them for contempt.

Unfair prejudice within the context of Rule 403 does not mean prejudicial to a party getting the verdict it wants. Prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000); *United States v. Winston*, 447 F.2d 1236, 1240 (D.C. Cir. 1971).

*United States v. Doe*, 903 F.2d 16 (D.C. Cir. 1990) involved reversal of convictions for narcotics and firearms charges, because expert testimony was improperly admitted, and because the prosecutor made improper argument to the jury.

*United States v. Scarpa*, 913 F.2d 993 (2d Cir. 1990) was a racketeering case, involving: (a) sufficiency of the evidence; (b) motions to obtain copies of government surveillance tapes; (c) refusal to strike reference to "the Colombo Organized Crime Family" in the indictment; (d) improper "stepladder" prosecution; (e) severance; (f) evidentiary rulings; (g) jury instructions; and (h) a psychiatric examination prior to sentencing. *Scarpa* does not address confusing the jury.

*United States v. Al Kassar*, 660 F.3d 108 (2nd Cir. 2011) involved a murder conspiracy and providing support to a terrorist organization. One of the issues was whether the trial court properly excluded the defendant's classified evidence of prior good acts. The Second Circuit concluded that the proffered evidence was inadmissible under Rule 404 and that the district court did not commit manifest error by excluding it under Rule 403.

The Transcript of Ruling from the Bench that the government cites (Gov't Motion at 8) was not provided, and access to it is currently restricted in CM/ECF.[5] According to the docket, the issue in that hearing was Defendants' Motion to Compel Production of Discovery and *Brady* Material in the Custody of the Government. Minute Entry for proceedings held on 12/13/2019. A pretrial ruling is definitive only with respect to subjects it covers. *Wilson v. Williams*, 182 F.3d 562, 567 – 68 (7th Cir. 1999) (en banc).

---

[5] Although the Transcript of Status Hearing for December 13, 2019 has already been prepared, it is restricted in CM/ECF until March 29, 2020. Doc. 82. Counsel has requested access to it pursuant to the C.J.A., but presently cannot do so.

*Gaetano v. United States*, 406 A.2d 1291 (D.C. 1979) was a trespassing case in Superior Court. The District of Columbia Court of Appeals held that an instruction on bona fide belief as a defense to trespassing requires some reasonable basis for justification. *Id*.

Argument

Presently, the government has proposed limiting the scope of evidence, testimony, and argument to insulate the jury from inadmissible evidence (Doc. 83) at the same time that the government has also proposed that it present the same evidence, testimony, and argument. Doc. 84 at 81 – 90.

It would be fundamentally unfair and a violation of due process to prohibit only the defense from responding to the government's evidence, testimony, and argument. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).

While the Information does not mention defendants' grievances with the government's support for Juan Guaidó (Doc. 14), the government's exhibits do. Doc. 84 at 81 – 90; See also, ante at 2 – 4. The government proposed voir dire, jury instructions and the Government's Exhibit List that the government filed in the Joint Pretrial Statement (Doc. 84) leads to the conclusion that the government intends to offer evidence, testimony, and argument about the defendants' grievances.

17

While the Information alleges a certain time frame (Doc. 14), the government's exhibits reference co-defendant Kevin Zeese's conduct prior to that. Doc. 84 at 85 – 86; See also, ante at 2 – 4.

If the defense were to present a case, counsel would inform Ms. Flowers just like any potential witness that she may not just present a monologue or filibuster from the witness stand. Instead, she would have to answer questions after listening for whether the Court has sustained any objection.

If the government seeks to introduce inadmissible or irrelevant evidence, then Ms. Flowers should be able to respond with her own evidence, testimony, and argument, because the introduction of inadmissible or irrelevant evidence by one party justifies or 'opens the door to' admission of otherwise inadmissible evidence." *United States v. Brown*, 921 F.2d 1304, 1307 (D.C. Cir. 1990).

The Court should deny the government's Motion in Limine. Doc. 83.

## Request for Hearing

Pursuant to Local Criminal Rule 47(f), defendant Flowers requests a hearing. The Court has already scheduled a pretrial conference for 9:30 a.m. on January 29, 2020.

## Points and Authorities

*United States v. Alvadallah,* 436 F.3d 125 (2nd Cir. 2006).
*Baldwin v. New York,* 399 U.S. 66 (1970).
*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988).
*Bruton v. United States*, 391 U.S. 123 (1968).

*Butler v. United States*, 614 A.2d 875 (D.C. 1992).

*Byran v. United States,* 524, U.S. 184 (1998).

*Chambers v. Mississippi*, 410 U.S. 284 (1973).

*Cispes v. FBI*, 770 F.2d 468 (5th Cir. 2018).

*Duncan v. Louisiana,* 391 U.S. 145 (1968).

*Gaetano v. United States*, 406 A.2d 1291 (D.C. 1979).

*Greene v. Lambert,* 288 F.3d 1081 (9th Cir. 2002).

*Holmes v. South Carolina*, 547 U.S. 319 (2006).

*Huddleston v. United States*, 485 U.S. 681 (1988).

*Old Chief v. United States,* 519 U.S. 172 (1997).

*Rock v. Arkansas,* 483 U.S. 44 (1987).

*Singer v. United States,* 380 U.S. 24 (1965).

*United States v. Al Kassar*, 660 F.3d 108 (2nd Cir. 2011).

*United States v. Bikundi*, No. 1:14-cr-00030-BAH (D.D.C. Oct. 7, 2015).

*United States* v. *Blackstone,* 56 F.3d 1143 (9th Cir. 1995).

*United States v. Brown*, 921 F.2d 1304 (D.C. Cir. 1990).

*United States v. Bucci*, 525 F.3d 116 (1st Cir. 2008).

*United States v. Doe*, 903 F.2d 16 (D.C. Cir. 1990).

*United States v. Elkins,* 70 F.3d 81 (10th Cir. 1995).

*United States* v. *Ellis,* 14 7 F.3d 1131 (9th Cir. 1998).

*United States v. Gomez,* 763 F.3d 846 (7th Cir. 2014).

*United States v. Gravely*, 840 F.2d 1156 (4th Cir. 1988).

*United States v. Hankey,* 203 F.3d 1160 (9th Cir. 2000).

*United States v. Harvey*, 653 F.3d 388 (6th Cir. 2011).

*United States v. Hitt,* 981 F.2d 422 (9th Cir. 1992).

*United States v. Ives,* 609 F.2d 930 (9th Cir. 1979).

*United States v. Khan*, 508 F.3d 413 (7th Cir. 2007).

*United States v. LeFevour*, 798 F.2d 977 (7th Cir. 1986).

*United States v. McElmurry,* 776 F.3d 1061 (9th Cir. 2015).

*United States* v. *Mills,* 704 F.2d 1553 (11th Cir. 1983).

*United States v. Mitchell,* 172 F.3d 1104 (9th Cir. 1999).

*United States v. Rivera*, 61 F.3d 131 (2nd Cir. 1995).

*United States v. Rosado*, 728 F.2d 89 (2nd Cir. 1984).

*United States v. Scarpa*, 913 F.2d 993 (2d Cir. 1990).

*United States v. Scheffer*, 523 U.S. 303 (1998).

*United States v. Sheehan*, 512 F.3d 621 (D.C. Cir. 2008).

*United States v. Smithers,* 212 F.3d 306 (6th Cir. 2000).

*United States v. Stever*, 603 F.3d 747 (9th Cir. 2010).

*United States v. Sutton*, 801 F. 2d 1346 (D.C. Cir. 1986).

*United States v. Varela Rivera*, 279 F.3d 1174 (9th Cir. 2002).

*United States v. Waters,* 194 F.3d 926 (8th Cir. 1999).

*United States v. Winston*, 447 F.2d 1236 (D.C. Cir. 1971).

*Washington v. Texas*, 388 U.S. 14 (1967).

*Williams v. Florida,* 399 U.S. 78 (1970).
*Wilson v. Williams*, 182 F.3d 562 (7th Cir. 1999).
U.S. Const Art. III, § 2, cl. 3.
U.S. Const amend V.
U.S. Const amend VI.
18 U.S.C. § 118.
22 U.S.C. § 2709.
22 U.S.C. § 4802.
Fed. R. Evid. 106.
Fed. R. Evid. 401.
Fed. R. Evid. 402.
Fed. R. Evid. 403.
Loc. Crim. R. 47(f).

/s/
William L. Welch, III
D.C. Bar No. 878119
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 649-5217
Counsel for Margaret Flowers
(Appointed by this Court)

## Certificate of Service

I hereby certify that on this 17th day of January, 2020 a copy of the foregoing Response in Opposition to Government's Motion in Limine and Request for Hearing were delivered electronically to Ms. Danielle Sara Rosborough (danielle.rosborough2@usdoj.gov), Ms. Jessica Camille Brooks (jessica.brooks@usdoj.gov), and Mr. Jorge Luis Gonzalez (jorge.gonzalez3@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/
William L. Welch, III

20