**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | Crim. No. 1:19-cr-00169-BAH-2 |
| **Zeese, et al.** | * | |
| **[Margaret Ann Flowers]** | | |

**Defendant Margaret Ann Flowers' Reply**

**Dismissal of the Information**

Margaret Flowers has moved to dismiss the Information, because as applied to her conduct the statute violates the First Amendment. Doc. 85 at 1 – 4, See, U.S. Const amend I. The government has denied improperly regulating the defendant's speech or protected First Amendment conduct. Doc. 87 at 4 – 12.

Merely standing in the lobby, observing the process, and refusing "a request" to leave (Doc. 1-1 at 10) is expressive conduct that should not be threatened with of arrest and punishment.

In this case, the statute is being used unconstitutionally to criminalize peaceful protest and attempts to petition for a redress of grievances, activities at the heart of the First Amendment. Accordingly, Ms. Flowers maintains that the Court should dismiss the charge.

**Potential Problems**

With the Motion pursuant to Federal Rule of Criminal Procedure 14(a), counsel has attempted to at least alert the Court to the potential for *Bruton* problems (*Bruton*

*v. United States*, 391 U.S. 123 (1968)), the loss of peremptory challenges, conflicting jury selection strategies, and conflicting defenses.

Present counsel was appointed to represent Ms. Flowers on October 28, 2019 (Doc. 65) and received the file from prior counsel on November 1, 2019. Subsequently, counsel learned that the government has produced nearly 30,000 pages of discovery almost 900 body worn camera videos, and numerous audio and video files. Doc. 71 at 1.

This volume of discovery is more like what counsel has experienced in narcotics wiretap cases with dozens of defendants, for which counsel might have a year to prepare for trial. It has been extremely challenging to examine so much material in such a short time.

On January 10, 2020 the government filed an exhibit list, which provided some clarification about which discovery materials it intended to use. Doc. 84 at 82 – 90. Unfortunately, pretrial motions were due the same day. Just reviewing all of the proposed exhibits, including approximately twenty-five video recordings, let alone preparing transcripts of everything at that time was impossible. Counsel is still endeavoring to do so. Under the circumstances it seemed that something should be filed to at least notify the Court.

The government seems to claim that all statements would be admissible as non-testimonial pursuant to *United States v. Moore*, 651 F.3d 30, 70 (D.C. Cir. 2011). However, the Court of Appeals remanded Moore's case for a determination of whether the admitting of DEA reports was error under *Bullcoming [v. New Mexico*, 564 U.S.

647, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011)] and which counts underlying the judgment of conviction must be vacated, *see Smith*, 640 F.3d at 364, because the government cannot establish that the error was harmless beyond a reasonable doubt.

Although the decision in *Moore, supra* was ultimately affirmed in part the Supreme Court's opinion did not address the confrontation issue. *Smith v. United States*, 568 U.S. 106 (2013). Confrontation is more complex and what is testimonial perhaps more confounding than the government suggests. *Williams v. Illinois,* 567 U.S. 50, 132 S. Ct. 2221, 183 L. Ed. 2d 89 (2012).

Presently, no co-defendant has to commit whether to exercise any of his or her rights, including whether to testify. If the government introduces any codefendant's statement implicating Ms. Flowers, and that codefendant ultimately exercises his or her right not to testify, then the potential to violate Ms. Flower's confrontation right exits.

### Additional Peremptory Challenges

Pursuant to Federal Rule of Criminal Procedure 24(b), she moves for three peremptory challenges to be exercised severally by her.

### Points and Authorities

*Bruton v. United States*, 391 U.S. 123 (1968).
*Bullcoming v. New Mexico*, 564 U.S. 647 (2011).
*Smith v. United States*, 568 U.S. 106 (2013).
*United States v. Moore*, 651 F.3d 30, 70 (D.C. Cir. 2011).
*Williams v. Illinois,* 567 U.S. 50 (2012).
U.S. Const amend I.
Fed. R. Crim.P. 14(a).

Fed. R. Crim.P. 24(b).

/s/
William L. Welch, III
D.C. Bar No. 878119
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 649-5217
Counsel for Richard Ryans
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 22nd day of January, 2020 a copy of the foregoing Pretrial Defense Motions, Incorporated Memoranda of Law, and Request for Hearing were delivered electronically to Ms. Danielle Sara Rosborough (danielle.rosborough2@usdoj.gov), Ms. Jessica Camille Brooks (jessica.brooks@usdoj.gov), and Mr. Jorge Luis Gonzalez (jorge.gonzalez3@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/
William L. Welch, III